JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 24-1967 JBG (DTBx) | Date | November 22, 2024 |
|---|---|---|---|
| Title | *Joshua Martinell v. Subaru of America, Inc., et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 10); and (2) VACATING the December 2, 2024 Hearing (IN CHAMBERS)

Before the Court is a motion to remand filed by plaintiff Joshua Martinell ("Plaintiff" or "Martinell"). ("Motion," Dkt. No. 10.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **GRANTS** the Motion. The hearing on December 2, 2024 is **VACATED**.

## I. BACKGROUND

On July 31, 2024, Plaintiff filed a complaint in the California Superior Court for the County of San Bernardino alleging two causes of action against defendant Subaru of America, Inc. ("Defendant" or "Subaru") and Does 1-20: (1) breach of express warranty under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, et seq. ("Song-Beverly Act") and (2) breach of implied warranty under the Song-Beverly Act. ("Complaint," Dkt. No. 1-2.)

On September 13, 2024, Defendant removed the action to this Court asserting diversity jurisdiction under 28 U.S.C. Section 1332. ("Notice of Removal," Dkt. No. 1.) On September 30, 2024, Plaintiff filed the Motion. (Motion.) In support, Plaintiff filed a declaration of attorney Carrie Shumake ("Shumake Decl.," Dkt. No. 10-2.) On October 11, 2024, Defendant opposed the Motion. ("Opposition," Dkt. No. 12.) In support, Defendant filed a declaration of attorney

Hang A. Do. ("Do Decl. for Opp.," Dkt. No. 12-1.) On November 8, 2024, Plaintiff replied ("Reply," Dkt. No. 18) and filed evidentiary objections[1] ("Objections," Dkt. No. 19).

## II. FACTUAL ALLEGATIONS

On December 27, 2023, Plaintiff acquired a certified pre-owned 2022 Subaru Impreza ("Vehicle"). (Complaint ¶ 6.) Along with the acquisition of the Vehicle, Plaintiff received written warranties and other express and implied warranties including, but not limited to, warranties from Defendant that the Vehicle and its components would be free from all defects in material and workmanship; that the Vehicle would pass without objection in the trade under the Contract description; that the Vehicle would be fit for the ordinary purposes for which it was intended; that the Vehicle would conform to the promises and affirmations of fact made; and that Defendant would perform any repairs, alignments, adjustments, and/or replacements of any parts necessary to ensure that the Vehicle was free from any defects in material and workmanship. (Id. ¶ 7.)

The warranties included a three year or 36,000 miles basic warranty and a five year or 60,000 miles powertrain warranty. (Id. ¶ 8.) The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, defects relating to the steering, the brakes, and the engine. (Id. ¶ 9.) Plaintiff revoked acceptance of the sales contract. (Id. ¶ 10.)

## III. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

---

[1] All of Martinell's evidentiary objections concern the Do Declaration provided in support of Defendant's Opposition. (See Objections.) "A party may object that the material cited to support or dispute a fact that **cannot be** presented in a form that would be admissible in evidence." S.S. v. Peloton Interactive, Inc., 566 F. Supp. 3d 1019, 1044 (S.D. Cal. 2021) (emphasis added). "However, the Court will consider the substance of evidence that would be admissible at trial even if the form of the evidence is improper so long as that same evidence may be admissible in another form." Id. The Court finds that Plaintiff's objections concern evidence which would be admissible at trial in another form. Accordingly, Plaintiff's objections are **OVERRULED**.

    Removal statutes are to be strictly construed, Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992), and the party seeking removal bears the burden of proving its propriety.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 683–85 (9th Cir. 2006); see also Calif. ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 ("[T]he burden of establishing federal jurisdiction falls to the party invoking the statute[.]").  "[A]ny doubt about the right of removal requires resolution in favor of remand."  Moore–Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus, 980 F.2d at 566).

    When a state-court complaint alleges on its face "damages in excess of the required jurisdictional minimum," the amount pled controls unless it appears "to a legal certainty" that the claim is for less than the jurisdictional amount.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 402-404 (9th Cir. 1996).  Conversely, "[w]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."  Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785, 793 (9th Cir. 2018).  This sum is determined as of the date of removal.  Id. at 790.  "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability."  Lewis v. Verizon Comm'ns. Inc., 627 F.3d 395, 400 (9th Cir. 2010).  Accordingly, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'"  Campbell v. Vitran Express, Inc., 471 F. App'x. 646, 648 (9th Cir. 2012) (quoting Kenneth Rothschild Trust v. Morgan Stanley, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

    The removing party need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 88 (2014).  Where the plaintiff contests the removing defendant's allegations, however, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in controversy requirement has been satisfied."  Id. at 82.

## IV.     DISCUSSION

    Defendant removed the action on the basis of diversity jurisdiction; Plaintiff argues that the Court lacks subject matter jurisdiction over the case because the amount in controversy is less than $75,000.  (See Motion; Reply.)

### A.  Complete Diversity

    Defendant provides evidence that Plaintiff is a citizen of California, while Subaru is a citizen of New Jersey.  (Notice of Removal ¶¶ 29-31.)  Diversity of citizenship is uncontested.  (See Motion at 4; Opposition at 4.)

//
**B. Amount in Controversy**

The Court finds that the amount in controversy is not facially evident from the Complaint. The Complaint does not specify any monetary value sought; the sole reference to a dollar figure in the Complaint is that it invoked the state court's unlimited jurisdiction and thus the "amount in controversy exceeds . . . $25,000." (See Complaint ¶ 19.) There are no specific damages pled in the body of the Complaint or prayed for in the Prayer for Relief. As such, it does not allege "a sufficiently specific total in amount in controversy." Guglielmino v. McKee Foods Corp., 506 F.3d 696, 701 (9th Cir. 2007). Further, "it is unclear whether *all* [the] damages are subsumed within the request" for damages in excess of $25,000. Schneider v. Ford Motor Co., 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020) (emphasis in original). Accordingly, the Court "must determine if [Defendant] ha[s] shown by a preponderance of the evidence that the amount in controversy exceeds $75,000." Id.

**1. Actual Damages**

Actual damages pursuant to the Song-Beverly Act are the "amount equal to the actual price paid or payable by the buyer," less the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C).

To establish the actual price paid or payable pursuant to the statute, Plaintiff relies on an undisputed Retail Installment Sales Contract. (See Motion at 6; "RISC," Dkt. No. 1-5, Ex. D.) The vehicle purchase price can demonstrate actual damages under the Song-Beverly Act, particularly when a plaintiff seeks recovery of "the entire contract price." Schneider, 441 F. Supp. 3d at 914–15; see also Luna v. FCA US LLC, 2021 WL 4893567, at *7 (N.D. Cal. Oct. 20, 2021) ("Courts routinely find that an undisputed Retail Installment Sales Contract can establish actual damages.").

Here, "[b]ecause the record does not show" whether Plaintiff has "made all the installment payments," the Court cannot determine whether Plaintiff has "paid all the finance charges that are included in the total sale price of the Vehicle." Luna, 2021 WL 4893567, at *7. The Court, therefore, "follows other district courts in concluding that it is more appropriate to use the total cash price listed in the [RISC]"—here, $19,877[2]—as the initial amount for the calculation of actual damages. See Luna, 2021 WL 4893567, at *7; (RISC at 2.)

---

[2] Plaintiff and Defendant disagree over whether contractual deductions—e.g., accessories, optional theft deterrent device, and optional debt cancellation agreement—should be factored into the estimate of actual damages. (See Motion at 5; Opposition at 10.) However, these deductions are not included within the total cash price of the Vehicle and thus have no bearing on the calculation of actual damages. (RISC at 2.)

Next, under the Song-Beverly Act, any restitution "must be reduced by the amount directly attributable to use (as measured by miles driven) by the consumer prior to the first repair (or attempted repair) of the problem as pro-rated against a base of 120,000 miles." Alvarado, 2017 WL 2495495, at *4; Cal. Civ. Code § 1793.2(d)(2)(C). The RISC lists the odometer reading as 17,047 miles at the time of purchase. (RISC at 1.) Cal. Civ. Code section 1793.2(d)(2)(C) provides a formula to calculate the mileage offset:

$$\frac{N}{120,000} \times cash\ price$$

(N = number of miles driven before first repair related to the alleged noncomformity)

The parties agree that the Vehicle was presented for the first time related to the alleged nonconformity at 17,238 miles. (See Motion at 6; Opposition at 10.) As such, Martinell appears to have driven the Vehicle 191 miles before the first attempted repair. The Court applies the following formula to generate the statutory offset:

$$\frac{191}{120,000} \times \$19{,}877.00$$

This results in an offset of $31.64. Subtracted from the cash price of $19,877, the Court finds that $19,845.36 is the appropriate measure of damages allegedly suffered by Martinell under the Song-Beverly Act.

**2. Civil Penalties**

Plaintiff may be entitled to a civil penalty no greater than twice the amount of actual damages, but only if Subaru's violations were willful. See id. (citing Cal Civ. Code § 1794 (c)). However, in the jurisdictional analysis, the civil penalty "cannot simply be assumed"; instead, "the defendant must make some effort to justify the assumption." Id. (quoting D'Amico v. Ford Motor Co., 2020 WL 2614610, at *3 (C.D. Cal. May 21, 2020). Many courts, including this one, do not include civil penalties in the jurisdictional analysis "unless the removing defendant makes some showing regarding the possibility of civil damages." See Savall v. FCA US LLC, 2021 WL 1661051, at *3 (S.D. Cal. Apr. 28, 2021) (collecting cases).

Here, Subaru argues that the Court should include the full civil penalty in the amount in controversy because Martinell alleges in his Complaint that Subaru "'intentionally failed and refused to make restitution or replacement pursuant to the Song-Beverly Act' and Defendant's failure to refund the price paid and payable was intentional and justifies an award of civil penalties." (See Opposition at 13; Complaint ¶¶ 36, 46.) However, Subaru provides no support for the likelihood that a civil penalty based on its willfulness would actually be awarded in this case, or that the full civil penalty would be awarded. See Savall, 2021 WL 1661051, at *3; see also D'Amico, 2020 WL 2614610, at *3 (declining to include civil penalties in the amount in

Case 5:24-cv-01967-JGB-DTB   Document 21   Filed 11/22/24   Page 6 of 7   Page ID #:177

controversy because "Defendant points only to Plaintiff's allegation that she should recover a civil penalty, and four jury verdicts awarding civil penalties[]"). The Court, therefore, will "not simply assume that a civil penalty will be awarded," especially considering that "the removal statute is strictly construed against removal jurisdiction." See D'Amico, 2020 WL 2614610, at *3.

### 3. Attorneys' Fees

Finally, Subaru argues that Martinell's request for attorneys' fees should be included in the amount-in-controversy calculation. (See Opposition at 14-15.)

Courts generally include attorneys' fees recoverable by statute in determination of the amount in controversy. Fritsch, 899 F. 3d at 794 ; see also Guglielmino, 506 F.3d at 700; Galt G/S. v. JSS Scandinavia, 142 F.3d 1150, 1155–56 (9th Cir. 1998). "The removing defendant, however, must use 'summary-judgment-type evidence' to show that it is 'more likely than not' that the amount in controversy (including attorneys' fees) exceeds $75,000." Schneider, 441 F. Supp. 3d at 914; see also Reyes v. Staples Off. Superstore, LLC, 2019 WL 4187847, at *4 (C.D. Cal. Sept. 3, 2019) ("[C]ourts should still reject a defendant's calculation of future attorneys' fees if it fails to satisfy its burden of proof using 'summary-judgment-type evidence'.") (citing Fritsch, 899 F.3d at 795)). In Schneider, the court found insufficient the defendant's submission of a single declaration that "claims for attorneys' fees in these cases regularly approaches or exceeds $50,000." 441 F. Supp. 3d at 914. Evidence of a recent fee award granted to the plaintiff's counsel was also inadequate. Id. The defendants' claim "that the same counsel appears in each case and that the subject-matter of the cases are the same" failed "to provide the Court with specific evidence showing that the attorneys' fees *in this case* are 'more likely than not' to exceed $75,000." Id. (emphasis in original).

Here, Subaru fails to meet its burden. Subaru merely asserts via the Do Declarations that (1) the Song-Beverly Act allows for the recovery of attorneys' fees, which regularly exceed $15,000; (2) in 2022, Plaintiff's counsel had an hourly rate of $250 and it is reasonable to assume that Plaintiff's counsel's hourly rate has likely increased due to the gained experience in the last two years; and (3) Defendant's law firm recently resolved three state court Song-Beverly Act actions against Plaintiff's counsel and Plaintiff's counsel's demand for attorneys' fees ranged from $10,000 to $25,000. (See Notice of Removal at 8; "Do Decl. for Notice of Removal," Dkt. No. 1-1 ¶ 15; Opposition at 15; Do Decl. for Opp. ¶¶ 15-18.) However, Subaru does not provide enough evidence for attorneys' fees in this case and instead relies on bare assertions made in the Do Declarations. See Schneider , 441 F. Supp. 3d at 914 ("The removing defendant, however, must use 'summary-judgment-type evidence' to show that it is 'more likely than not' that the amount in controversy (including attorneys' fees) exceeds $75,000."); (Do Decl. for Notice of Removal; Do Decl. for Opp.) Subaru also erroneously relies on the fact that Plaintiff's counsel's firm requested certain fees in other Song-Beverly Act cases without analogizing the facts or circumstances of this case to these potentially relevant cases. See Schneider , 441 F. Supp. 3d at 915 ("All that Defendants claim is that the same counsel appears in each case and that the subject-matter of the cases are the same. They do not, however,

Page 6 of 7                         CIVIL MINUTES—GENERAL                    Initials of Deputy Clerk mg

compare or contrast the litigation strategies or the litigation timelines of the two cases."). As such, the Court concludes that attorneys' fees cannot be used to satisfy the amount-in-controversy requirement.

In sum, because civil penalties will not be assumed and attorneys' fees are far too speculative, Defendant fails to establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000[3]. This Court, therefore, lacks subject matter jurisdiction over the Complaint. Accordingly, the Court **GRANTS** the Motion and **REMANDS** this action to the California Superior Court for the County of San Bernardino.

## V.   CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. Plaintiff's Motion is **GRANTED**.

2. This action is **REMANDED** to the California Superior Court for the County of San Bernardino, and the Clerk of the Court is **DIRECTED** to close this case.

3. The Court **VACATES** the December 2, 2024 hearing.

4. The Court **DENIES AS MOOT** Plaintiff and Defendant's requests to appear remotely at the hearing (Dkt. Nos. 15-16).

**IT IS SO ORDERED.**

---

[3] Even if the Court accepted as true Defendant's assertion that the actual damages at issue is $27,736.40, that alone is not enough to reach the amount in controversy required by diversity jurisdiction. (See Opposition at 12; Do Decl. for Opp. ¶ 14.)